Anthony H. ILIFF, Plaintiff-Appellant,

v.

James R. SCHLESSINGER, Individually and as Secretary of Defense, and John W. Warner, Individually and as Secretary of the Navy, Defendants-Appellees.

No. 75–1345(74–82).

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Feb. 26, 1976.

Decided Aug. 19, 1976.

Thomas E. Horn, Horn & Schowers, Albuquerque, N. M., for plaintiff-appellant.

W. R. Hughes, Jr., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., and Don J. Svet, Asst. U. S. Atty., Albuquerque, N. M., on the brief), for defendants-appellees.

Before LEWIS, Chief Judge, and SETH and BARRETT, Circuit Judges.

LEWIS, Chief Judge.

After appearance by the United States as defendant in this action the case was submitted to the trial court under stipulated facts and resulted in a judgment favoring the Government in the sum of $625.11 on its counterclaim and the dismissal of plaintiff's action.

In 1968, plaintiff enlisted in the United States Navy and, in 1970, voluntarily reen-

listed and received a bonus of $2,000 for such reenlistment. About midway through plaintiff's second tour of duty he applied for and received an honorable discharge as a conscientious objector pursuant to applicable Navy regulations. On the date of discharge the Navy set off the sum of $464.82 in accrued pay and allowances against the sum of $1,089.93 claimed by the Navy as allegedly owed to the United States in pro rata restitution of the undischarged portion of the bonus received by the plaintiff in 1970. The judgment of the trial court approved both the summary Navy procedures of accounting and its claim to a right to recoupment pursuant to 37 U.S.C. § 308(e): [1]

> Under regulations approved by the Secretary of Defense, or by the Secretary of the Treasury with respect to the Coast Guard, a member who *voluntarily, or because of his misconduct,* does not complete the term of enlistment for which a bonus was paid to him under this section shall refund that percentage of the bonus that the unexpired part of his enlistment is of the total enlistment period for which the bonus was paid.

(Emphasis added).

The heart of plaintiff's appellate contention may be summarized in the claim that his transition to the status of a conscientious objector was not voluntary as a matter of law and that due process requires that the Navy afford him a hearing allowing him an opportunity to establish the assertion that his transition was not voluntary as a matter of fact. We must reject plaintiff's argument *in toto.*

 The application of the literal words of 37 U.S.C. § 308(e), particularly the word "voluntary," to conscientious objectors contains some abstrusity for we find nothing in the wording of the statute indicating either an intent by Congress to impose a financial detriment nor a special privilege for conscientious objectors in relation to the subject bonus. We feel certain, however, that Congress had no intent to project upon the military or the courts the age-old controversy of whether human actions dictated by sincere faith or the mandates of a subjective conscience constitute voluntary or involuntary actions. In terms of the ordinary meaning of "voluntary," the compulsion of conscience motivating an objector cannot be distinguished, for example, from the subjective decision of one who seeks discharge to ease familial or economic hardship occasioned by a father's death. We do not agree that the issue in this case can or should, absent specific congressional mandate, rise higher than one of statutory interpretation applied under traditional standards.

 The clear congressional purpose of the subject statute is to encourage trained members of the armed forces to reenlist with the encouragement focused in part on a contractual bonus. The recoupment provision negatives a claim that the bonus is paid for the good faith act of reenlistment and clearly indicates the intent of Congress to require completion of the term of service. Recoupment and exceptions to it would otherwise be unnecessary.

 The amounts of money here involved are not in dispute and the Government's retention of money not earned is not a violation of due process.

Affirmed.

---

1. In 1974, section 308 was amended, subsection (e) became subsection (d).